UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEADEN,<br><br>    Plaintiff,<br><br> v.<br><br>,<br><br>    Defendant. | Case No. 21-cv-08125-RMI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Petitioner, a detainee, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of a Magistrate Judge. dkt. 8.

## DISCUSSION

### STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner . . . [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. Notice pleading is not sufficient, the petition is expected to state facts that point to a real possibility of constitutional error. *See* Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

### LEGAL CLAIMS

In this habeas petition, Petitioner alleges that he was convicted in an unconstitutional trial and that he has been denied access to legal materials.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id*.

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 562 U.S. at 533-34 (quoting *Wilkinson*, 544 U.S. at 82). In fact, a § 1983 action is the exclusive remedy for claims by state prisoners that do not "lie at the 'core of habeas corpus.'" *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting *Preiser*, 411 U.S. at 487). A claim that meets the statutory criteria of § 1983 may be asserted unless it is within the core of habeas corpus because "its success would release the claimant from confinement or shorten its duration." *Thornton v. Brown*, 757 F.3d 834, 841 (9th Cir. 2014) (citing *Preiser*, 411 U.S. at 500).

Petitioner seeks to attack his conviction and for court intervention to access legal materials. He may not proceed with both claims in this action. To the extent Petitioner seeks to challenge his conviction he may bring a federal habeas petition once he has exhausted all of his claims in state court. Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).

To the extent Petitioner seeks court intervention regarding his sentencing or appeals, he is informed that under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent

extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger*, 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is applied); *see Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 225-26 (9th Cir. 1994) (even if some applications of proposition 115 unconstitutional, provisions challenged by complainants not so "flagrantly and patently" unconstitutional as to invoke federal jurisdiction).

If Petitioner seeks to pursue a civil rights action, he must file an amended complaint and describe how specific defendants violated his constitutional rights. Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis*, 518 U.S. at 349-51. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id*. at 351, 354-55.

To the extent Petitioner challenges the denial of legal materials during his trial, he is informed that just an offer of court-appointed counsel satisfies the government's obligation to provide meaningful access to the courts to a criminal defendant. *See United States v. Wilson*, 690 F.2d 1267, 1272 (9th Cir. 1982); *see also Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981) (availability of court-appointed counsel satisfies constitutional obligation to provide meaningful access to the courts). It is unclear whether *Bounds* places an affirmative duty upon the state to provide access to a law library for a pretrial detainee who has rejected counsel and chosen to represent himself; however, denying him access to both a law library and legal assistance may violate his Sixth Amendment right to prepare a defense under *Faretta v. California*, 422 U.S. 806 (1975). *See Milton v. Morris*, 767 F.2d 1443, 1445-47 (9th Cir. 1985); *see also Taylor v. List*, 880

3

F.2d 1040, 1047 & n.4 (9th Cir. 1989) (issue of applicability of *Bounds* to criminal defendant unresolved, but 6th Amendment claim may be stated under § 1983 where right to self-representation recognized in *Faretta* is denied by lack of access to law books, witnesses and other tools necessary to prepare defense); *United States v. Brugnara*, 856 F.3d 1198, 1210 (9th Cir. 2017) (defendant was not denied access to legal materials when his materials were moved for defendant when he went to a new facility but he was not prevented from accessing them).

The petition is dismissed with leave to amend to address the legal standards set forth above. To the extent petitioner seeks to pursue a claim regarding access to legal materials he must request that this case be converted to a civil rights action under 42 U.S.C. § 1983. Petitioner is informed that the cost for bringing such an action is $400 which will be deducted from his jail financial account.

## CONCLUSION

1. The petition is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended petition must be filed within **twenty-eight (28) days** of the date this order is served and must include the caption and civil case number used in this order and the words **AMENDED PETITION** on the first page. Failure to amend within the designated time will result in the dismissal of these claims.

2. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: December 2, 2021

ROBERT M. ILLMAN
United States Magistrate Judge

4