UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN C. HEADEN,<br><br>    Petitioner,<br><br>    v.<br><br>SAN MATEO COUNTY SUPERIOR COURT,<br><br>    Respondent. | Case No. 21-cv-08125-HSG<br><br>**ORDER OF DISMISSAL**<br><br>Re: Dkt. Nos. 7, 10 |

Petitioner has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction from San Mateo County Superior Court. Dkt. No. 14 at 2. His amended petition (Dkt. No. 14) is now before the Court for screening. For the reasons set forth below, the petition is DISMISSED without prejudice. Petitioner's requests to proceed *in forma pauperis* are GRANTED. Dkt. Nos. 7, 10.

**DISCUSSION**

According to the amended petition, Petitioner was convicted by a San Mateo County jury for making criminal threats (Cal. Penal Code § 422), stalking (Cal. Penal Code § 646.9(a)), and disobeying a peace officer (Cal. Veh. Code § 2800). Dkt. No. 14 at 2. Petitioner has not yet been sentenced. Dkt. No. 14 at 2.

This petition is DISMISSED without prejudice because Petitioner's conviction is not yet final and because he has not exhausted his state court remedies

Petitioner's conviction is not yet final because he has not yet been sentenced and because the time for filing both an appeal and a petition for certiorari with the United States Supreme Court to challenge his conviction and sentence have not yet expired. "Final judgment in a criminal case means sentence. The sentence is the judgment." *Burton v. Stewart*, 549 U.S. 147,

156 (2007) (internal quotation marks omitted). Under California law, a judgment becomes final when the availability of an appeal and the time for filing a petition for certiorari with the United States Supreme Court have expired. *People v. Buycks*, 5 Cal. 5th 857, 539 n.5 (Cal. 2018). Because the proceedings in Petitioner's state criminal case are ongoing and his judgment is not yet final, the Court is required to abstain from considering this action pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).[1] *Younger* provides that federal courts should not interfere with ongoing state criminal proceedings except under extraordinary circumstances, such as cases of proven harassment, prosecutions undertaken by state officials in bad faith, and other extraordinary cases where irreparable injury can be shown. *Younger*, 401 U.S. at 43-45, *Perez v. Ledesma*, 401 U.S. 82, 86 (1971). *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). A fourth requirement has also been articulated by the Ninth Circuit: that "the federal court action would enjoin the state proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases). Abstention is appropriate here because all of the elements of *Younger* are present. As to the first *Younger* element, the state court proceedings are ongoing because Petitioner's conviction is not yet final. As to the second *Younger* element, the Supreme Court has held that "a proper respect for state functions," such as ongoing criminal trial proceedings, is an important issue of state interest. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). As to the third prong of *Younger*, the Court finds no reason that Petitioner cannot pursue his federal constitutional claims in state court through direct

---

[1] Generally speaking, the limitations period for filing a federal habeas petition begins when both the conviction and sentence become final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

appeal and collateral relief proceedings. Finally, any interference by this Court would cause results disapproved of by *Younger* in that it would enjoin ongoing state court proceedings. *AmerisourceBergen Corp. v. Roden* ("*ABC*"), 495 F.3d 1143, 1149 (9th Cir. 2007). *Younger* abstention is therefore appropriate here.

In addition, prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). Petitioner must exhaust his claims in state court by presenting them to the highest state court available before a federal court may consider these claims.

Because Petitioner's state court proceedings are ongoing and because he has failed to exhaust his state court remedies, this action is DISMISSED without prejudice to re-filing once Petitioner's conviction is final and he has exhausted his state court remedies.

### CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a).

A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. *Id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

**CONCLUSION**

For the reasons set forth above, the Court GRANTS Petitioner's requests to proceed *in forma pauperis* (Dkt. Nos. 7, 10); DISMISSES this action without prejudice; and DENIES a certificate of appealability. The Clerk shall enter judgment in favor of Respondent and against Petitioner, terminate all pending motions as moot, and close the case.

This order terminates Dkt. Nos. 7, 10.

**IT IS SO ORDERED.**

Dated: 2/11/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge